**UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| DON'S MAKING MONEY, LLP, TROPICAL BEACHES, INC., NEW STRATEGIES, L.L.L.P., DOLPHIN MEDIA, L.L.L.P., NATIONAL REMINDER SERVICE, L.L.L.P., <br><br>Debtor. <br>_____ <br><br>CHARLES L. RILEY, JR., Chapter 7 Trustee, <br><br>Plaintiff, <br><br>vs. <br><br>JOSEPH A. DEIHL and SARI DEIHL, husband and wife; et al., <br><br>Defendants. <br>_____ | Chapter 7 proceedings <br><br>Case Nos. 2:99-bk-07757-CGC through 2:99-bk-07761-CGC <br><br>(Jointly Administered) <br><br><br>Adv. 2-05-ap-00881 <br><br><br>UNDER ADVISEMENT DECISION RE: MOTION TO COMPEL DISCLOSURES AND MOTION FOR SANCTIONS |

I.  Introduction

Plaintiff Trustee has filed a motion to compel discovery. The issue presented is whether personal financial records of the individual Defendants may be obtained where there are pending claims for piercing the corporate veil of entities owned by those Defendants, and , if so, what is the allowable scope of such production.

II. Legal Analysis

A.  Is the information discoverable?

Defendants claim that because the non-Universal Business Strategies, Inc., an Arizona corporation, ("UBS") entities are not shareholders or directors of UBS, Plaintiff's veil-piercing/alter ego claim is flawed and cannot serve as a basis for discovering the financial information of the non-UBS entities. Defendants assert that there is no case law supporting the requests made by Plaintiff for personal financial information. Defendants are wrong.

The issue was thoroughly explored by the court in *Abu-Nassar v. Elders Futures Inc.*, 1991 WL 45062 (S.D.N.Y. 1991) where the Court stated:

[T]he courts have held that when a party seeks discovery about the relationships between individuals and a corporation, "relevance is broadly and liberally construed." *Benchmark Design, Inc. v. BDC, Inc.,* No. 88-10007-FR, slip op., 1989 WL 81618, 1989 U.S. Dist. Lexis 8240, *2 (D.Or.1989). "The issue is not whether [the party] may ultimately prevail on the 'piercing the corporate veil' theory, but whether the allegations are sufficient to allow them to conduct discovery in an attempt to prove their allegations." *Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577, 1579-80 (11th Cir.1986).

*See also Edgar v. Fred Jones Lincoln-Mercury of Oklahoma City, Inc.,* 524 F.2d 162, 167 (10th Cir.1975) ("plaintiff is entitled to pursue discovery which would either establish or fail to establish the existence of facts sufficient to justify the piercing of the corporate veil"); *Electromatic (Pty) Ltd. v. Rad-O-Lite of Philadelphia, Inc.,* 90 F.R.D. 182, 184 (E.D.Pa.1981) (allegation that corporations were not operated as independent entities insufficient to support discovery, but where a party demonstrates interrelated transactions and other connections, this is "enough to support further discovery on the relationships among the various defendants.") Other cases supporting the type of discovery sought in this case include: *Melikian v. Corradetti,* 791 F.2d 274, 281-82 (3d. Cir 1986) (discovery permitted where allegations included commingling of assets, undercapitalization, lack of records, common officers, directors and partners, and fraud); *Minelli Constr. Co. v. United Derrickmen & Riggers Ass'n, Local 197,* 1990 WL 180550, *5 (S.D.N.Y. November 14, 1990) (discovery permitted on alter ego defense claim where much of the relevant information was in control of plaintiff); *Scott v. Arex, Inc.,* 124 F.R.D. 39, 40-41 (D.Conn.1989) (personal and corporate information and records are discoverable in attempt to pierce corporate veil for a five year period); *Compagnie Francaise d'Assurance v. Phillips Petroleum Co.,* 105 F.R.D 16, 39-42 (S.D.N.Y. 1984) (where party seeks to pierce the corporate veil, personal and corporate records discoverable);; *Luc Vets Diamant v. Akush*, 2006 WL 258293 (S.D.N.Y.) (discovery was allowed of personal assets up to and including the time that the company was dissolved.).

Based upon these authorities, the Court concludes that personal financial records of Joseph A. Deihl and Sari Deihl, are discoverable and should be produced. The remaining issues are the

types of records that must be produced and the temporal scope of those records.

B.   What is the applicable time period?

UBS bought the assets from the estate in 2001. UBS itself became insolvent in 2003. Plaintiff alleges that this transaction was part of a continuing scheme underlying, among other things, his RICO claim. The Court concludes that a time period for three years prior to the acquisition through the time of UBS's insolvency is the appropriate temporal limitation on the records. Although the Plaintiff seeks discovery through the present, the Court agrees with Defendants that this time period is sufficiently attenuated from the claims being made that the burden on the Defendants to produce such information outweighs any potential relevance of the information. Therefore, the temporal limitation will be 1998 through 2003.

C.   What type of information should be produced?

After considering the positions of the parties, the Court concludes that any and all personal bank account records and tax returns should be produced for the period stated. At this time, the Courts concludes that there is insufficient basis to go beyond these basic records (for example, requiring the present production of the business and real estate documents described in part 3 of the Joint Statement). However, this ruling is without prejudice to subsequent requests by the Plaintiff should the production compelled by this order provide a basis upon which to seek additional documents.

III.   Sanctions

To the extent the motion for sanctions remains viable, the motion is denied.

**DATED:**   February 19, 2008

_____
CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

3

| | |
|---|---|
| 1 | **COPY** of the foregoing mailed by the BNC and/or |
| 2 | sent by auto-generated mail to: |
| 3 | |
| 4 | David Rodgers, Esq.<br>RODGERS LAW OFFICE, PLLC |
| 5 | 3303 E. Baseline Road, Suite 109 |
| 6 | Gilbert, AZ 85234<br>Attorneys for Defendants |
| 7 | |
| 8 | Daniel P. Collins, Esq.<br>COLLINS, MAY, POTENZA, BARAN & GILLESPIE |
| 9 | 201 North Central Ave., Suite 2210 |
| 10 | Phoenix, AZ 85073-0022 |
| 11 | Charles L. Riley, Jr. |
| 12 | Trustee in Bankruptcy |
| 13 | District of Arizona<br>P.O. Box 6640 |
| 14 | Chandler, AZ 85246-6640 |
| 15 | |
| 16 | David Rodgers, Esq.<br>RODGERS LAW OFFICE, PLLC |
| 17 | 3303 E. Baseline Road, Suite 109 |
| 18 | Gilbert, AZ 85234<br>Attorneys for Defendants |
| 19 | |
| 20 | Michael L. Green<br>Scott M. MacMillan |
| 21 | GREEN & BAKER |
| 22 | 7373 N. Scottsdale Rd., Suite C-226<br>Scottsdale, AZ 85253 |
| 23 | Special Counsel for Plaintiff Charles L. Riley, Jr., |
| 24 | Chapter 7, Trustee |
| 25 | |
| 26 | |
| 27 | |
| 28 | |